HENRY PURCELL, EXECUTOR OF THE ESTATE OF THEODORE B. BASSELIN, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 30, 1919.*

INHERITANCE TAX—*Lora J. Moore, et al* v. *State, supra, followed.* This case is controlled by the decision of the Court in the case of *Lora J. Moore, et al.* v. *State, supra.*

Edward J. Brundage, Attorney General, for State.

The facts in this case stated below are proven by the evidence herein to-wit:

Theodore B. Basseline died testate on the 19th day of April, A. D. 1914, a resident of the state of New York and letters of administration were issued to Henry Purcell, claimant, in said State no administration was granted in this State.

On the 25th day of April, 1916, the County Judge of Cook County, Illinois, entered an order purporting to assess an inheritance tax in said estate of $107.53, which amount plus interest was by claimant paid next day to County Treasurer of Cook County, total being $120.07.

Thereupon on September 5th, 1918, the acting County Judge of said county entered an order vacating and setting aside for want of jurisdiction so much of said original order as attempted to assess a tax upon the transfer by decedent of shares of stock in foreign corporations to non-resident beneficiaries.

And it was found that with the elimination of the foreign stock from such assessment there was no tax property due or assessable or validly assessed by said order, the Court having no jurisdiction.

This case is governed by the finding by this Court in case No. 33, *Lora J. Moore, Executrix,* v. *State,* filed at this term in which the Court made an award of refund of taxes erroneously paid, etc.

It was stipulated by the parties in said case that the finding and decision of the Court therein should govern in this case (and several others) except as to the amount.

For the reasons stated in said case and also in *Oakman* v. *State,* filed at this term and from evidence on file herein the Court awards claimant the sum of one hundred twenty and 70/100 dollars, the same being admitted to be correct and payable herein the event of a refund in said No. 33 above referred to.